CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JESSIE COLT GREER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00014 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MEDICAL STAFF, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Jessie Colt Greer, Pro Se Plaintiff.*

The plaintiff, Jessie Colt Greer, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail nurse gave him an improper medication. After review of the Complaint, I conclude that the action must be summarily dismissed.

Greer's claims concern events that occurred while he was incarcerated at the Southwestern Virginia Regional Jail (SWVRJ). His allegations are sparse:

> My meds have been out 2-3 days prior 1-2-24 AM nurse gave me crushed pilled not my medication.
>
> . . . .
>
> Told nurse I get capsu[le] in AM she said this may generic. 2 hours later my heart was hurting had major[] headache chest hurt I asked C/O Bailey to have see me. They put sick call in. Would not help. I have not got a respon[se] staff will not give me nurses [sic] name.

Compl. 2, ECF No. 1.  In an attached sheet, Greer alleges that the nurse gave him the "wrong meds" on January 2, 2024, that caused him to fear he was "having [a] heart attack or strokes." *Id.* at 4.  Greer names as defendants "Medical staff-AM nurse 1-2-24-MAX unit" and SWVRJ.  As relief, he seeks monetary damages and asks to have the medical staff "held accountable mistakes like these could cause death." *Id.* at 3.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1] To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Greer cannot prevail in a § 1983 lawsuit against SWVRJ or its medical staff as a group.  A local jail facility itself cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to

---

[1] I have omitted internal quotation marks, alterations, or citations here and throughout this Opinion, unless otherwise noted.

be sued"). The SWVRJ medical staff is also not subject to suit under § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Thus, I will summarily dismiss Greer's claims against SWVRJ and its medical staff.

I also conclude that Greer fails to state any actionable § 1983 claim against the nurse or anyone else involved in the incident. Only deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To prove deliberate indifference, Greer must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*. Mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan do not support a finding that a defendant acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

At the most, Greer alleges that the nurse accidently provided him with a medication not prescribed to him. He fails to state any facts suggesting that the nurse knew she was offering a medication not intended for Greer or that she was

aware it would harm him in any way to take that medication. Such negligent or accidental mistakes, even if they rise to the level of medical malpractice, are not violations of the plaintiff's constitutional rights so as to be actionable under § 1983.

For the stated reasons, I will dismiss this civil action without prejudice, pursuant to § 1997e(c), for failure to state a claim upon which relief can be granted.

A separate Order will be entered herewith.

DATED: April 26, 2024

/s/ JAMES P. JONES
Senior United States District Judge